# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **R.B. and A.A.**

**No. 19-0994** (Randolph County 19-JA-43 and 19-JA-44)

**FILED**

**June 24, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father J.A., by counsel G. Phillip Davis, appeals the Circuit Court of Randolph County's October 10, 2019, order terminating his parental rights to R.B. and A.A.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, Heather M. Weese, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Given the nature of petitioner's narrow assignment of error on appeal and his limited argument in support, it is unnecessary to set forth extensive facts regarding the proceedings below. Following the filing of its original abuse and neglect petition in May of 2019, the DHHR filed an amended petition that included allegations of petitioner's drug abuse. In August of 2019, petitioner stipulated to adjudication, at which point the circuit court found him to be an abusing and neglecting parent. The circuit court set the matter for disposition, at which time it intended to address petitioner's motion for an improvement period.

In September of 2019, the circuit court held a dispositional hearing. Petitioner renewed his motion for an improvement period and testified in support of this motion. The circuit court then

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

heard evidence in support of the DHHR's motion to terminate petitioner's parental rights, after which it made extensive findings of fact. According to the circuit court, petitioner tested positive for methamphetamine when the case began and thereafter failed to submit to drug screens as required. Additionally, the circuit court found that petitioner "ha[d not] visited with his children" during the proceedings. What the circuit court found most concerning, however, was the fact that "the only thing [petitioner] could identify that impacts his parenting with methamphetamine use is that it could cloud his judgment" and that, in petitioner's opinion, "he is an excellent father." The circuit court further found that petitioner was dishonest regarding his drug use, given that his testimony at the dispositional hearing was that he would not test positive for any illegal substances if he were to screen, yet he proceeded to test positive for methamphetamine. Based on the foregoing, the circuit court found that petitioner failed to "recognize he has a drug problem." In regard to petitioner's outstanding motion, the circuit court found that petitioner had "done nothing to convince the [c]ourt that [he would] do anything to participate in an improvement period" and denied the motion. Finally, the circuit court found that petitioner "allowed drugs to take over" and that termination of his parental rights was in the children's best interests. Accordingly, the circuit court terminated petitioner's parental rights.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner asserts that termination of his parental rights was erroneous "because there was a less restrictive alternative to the termination of his parental rights." He further asserts that he "opposed the severance of his parental rights and preferred a less restrictive alternative." Finally, he alleges that he testified "that he could fully participate in a period of improvement" and, thus, should have been granted one. This represents the totality of petitioner's argument on appeal. Critically, petitioner fails to assert that any of the circuit court's detailed findings of fact upon which the termination was based were erroneous or cite to any specific evidence in support of his argument. As such, we find that he is entitled to no relief.

---

[2]The mother's parental rights were also terminated below. According to respondents, the permanency plan for the children is adoption together in their current foster home.

First, we note that the circuit court found that petitioner's testimony that he would comply with an improvement period lacked credibility, given that the circuit court specifically indicated that it was unconvinced petitioner would "do anything to participate in an improvement period." As we have previously held, "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997). Therefore, we will not disturb this finding on appeal or otherwise disturb the circuit court's denial of petitioner's improvement period upon this finding. Most important, however, is the circuit court's finding that petitioner failed to acknowledge the conditions of abuse and neglect at issue. This Court has previously held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). Given petitioner's failure to acknowledge his issues with substance abuse, it is clear that the denial of an improvement period was appropriate.

Finally, it is clear that termination was appropriate because the circuit court found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination was necessary for the children's welfare. In regard to the first finding, West Virginia Code § 49-4-604(c) (2019)[3] provides that "'[n]o reasonable likelihood that conditions of neglect or abuse can be substantially corrected' means that . . . the abusing adult or adults have demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help." The circuit court made this specific finding based upon petitioner's failure to show any effort to mitigate the issues that necessitated the petition's filing. In regard to the second finding, the circuit court cited the children's extended stay in foster care and the fact that petitioner was unwilling to make efforts to ensure their safe return to his custody in support of its finding that termination was necessary for their welfare. As noted above, petitioner does not challenge these findings on appeal.

Instead, petitioner simply asserts that he opposed termination, without setting forth any evidence that could have supported the imposition of a less-restrictive dispositional alternative. Indeed, petitioner is correct that less-restrictive alternatives to the termination of his parental rights existed, but he ignores the fact that West Virginia Code § 49-4-604(b)(6) (2019) permits circuit courts to terminate parental rights upon findings that there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected and that termination is necessary for the children's welfare. Additionally, this Court has held that

---

[3]Although the Legislature amended West Virginia Code § 49-4-604 effective June 5, 2020, including renumbering the provisions, the amendments do not impact this case.

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604 (2019)] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c) (2019)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As such, it is clear that the circuit court did not err in terminating petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 10, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: June 24, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

4